## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

VIVIAN NICHOLS, PHYLISS NICHOLS,
CLEOTHA NICHOLS, PHYLISS NICHOLS
AS MOTHER AND NEXT FRIEND OF
ANTHONY LUCKETT, A MINOR, EARL
BROOKINGS AS FATHER AND NEXT FRIEND OF
ANTHONY DEWAYE DAVIS, A MINOR, AND
CASSANDRA ADAGBONYIN                                                                   PLAINTIFFS

V.                                                        CIVIL ACTION NO. **3:06cv364HTW**-JCS

THE CITY OF JACKSON, MISSISSIPPI,
CITY OF JACKSON POLICE OFFICERS
SLADE MOORE, LONDON L. SMITH,
BRAD DAVIS AND LONNIE ARINDER                                                        DEFENDANTS

---

### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT OF
### DEFENDANT CITY OF JACKSON, MISSISSIPPI AND OFFICERS
### SLADE MOORE, LONDON SMITH, BRAD DAVIS AND LONNIE ARINDER
### IN THEIR OFFICIAL CAPACITIES
---

**COME NOW** the Defendants, The City of Jackson, Mississippi, Slade Moore, London L. Smith, Brad Davis and Police Officer Arinder, collectively Defendant City of Jackson[1], by and through counsel, and pursuant to the Federal Rules of Civil Procedure, submit their Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint filed against them in the above-styled cause as follows:

---

[1] Defendants Slade Moore, London Smith, Brad Davis, and Lonnie Arinder, to the extent they are sued in their official capacity, aver that such suit is tantamount to suing the City of Jackson itself.

## PARTIES

1. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations of Paragraph One, and thereby denies the same and demands strict proof thereof.

2. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegation of Paragraph Two, and thereby denies the same and demands strict proof thereof.

3. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegation of Paragraph Three, and thereby denies the same and demands strict proof thereof.

4. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegation of Paragraph Four, and thereby denies the same and demands strict proof thereof.

5. Defendant City of Jackson admits the allegations of Paragraph Five.

6. Defendant City of Jackson admits that at the time of the incident stated in the Complaint, Defendants Slade Moore, London Smith, Brad Davis, and Lonnie Arrinder were employed by the Jackson Police Department. Defendant City of Jackson admits that the Jackson Police Department is presently located at 127 Roach Street in Jackson, Mississippi.

## JURISDICTION AND VENUE

With regard to the unnumbered Paragraph titled "JURISDICTION AND VENUE", Defendant City of Jackson denies that the Circuit Court of Hinds County has

jurisdiction over this matter or is the proper venue in which this matter by virtue of Miss. Code Ann. §§ 11-46-13, 9-7-81, and 11-11-3. Defendant City of Jackson admits that the United States District Court, Southern District of Mississippi has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1443(2). Moreover, United States District Court, Southern District of Mississippi is the proper venue to hear this matter pursuant to 28 U.S.C. §1441(a). Defendant City of Jackson denies the remaining allegations of this paragraph and demands strict proof thereof.

## **FACTS**

1. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

2. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

3. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

4. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

5. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

6. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

7. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

8. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

9. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

10. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

11. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

12. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

13. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

14. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

15. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

16. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

17. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

18. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

19. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

20. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

21. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

22. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

23. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

24. Defendant City of Jackson is without sufficient knowledge to admit or deny the allegations contained in this paragraph and thereby denies the same and demands strict proof thereof.

25. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

26. Defendant City of Jackson admits that at the times pertinent to the Complaint Officers Moore, Smith, Davis, and Arinder were active employees of the Jackson Police Department. Defendant City of Jackson denies the remaining allegations of this paragraph.

27. Defendant City of Jackson admits the allegations of this paragraph.

28. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

29. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

30. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

31. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

32. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

33. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

34. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

## CAUSES OF ACTION

1. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

2. Defendant City of Jackson denies the allegations contained in this paragraph and demands strict proof thereof.

The Defendant City of Jackson denies the allegations of the last Unnumbered Paragraph beginning with "WHEREFORE" and containing a section entitled "Relief Sought." Defendant City of Jackson denies that the Plaintiffs are entitled to any of the relief sought or recovery of any damages whatsoever, and demand strict proof thereof.

AND NOW, having fully and completely answered the Complaint and allegations filed against each of them, the Defendant City of Jackson pleads as follows:

## AFFIRMATIVE DEFENSES

### I.

The Complaint fails to state a claim upon which relief can be granted under Mississippi State Law or the Laws of the United States of America.

**II.**

Defendant City of Jackson incorporates and alleges each and every defense available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**III.**

The complaint is barred under the doctrine of unclean hands and the Statute of Limitations.

**IV.**

The Plaintiffs failed to properly comply with the notice requirement as set forth in the Mississippi Torts Claim Act and the Mississippi Code Ann. § 11-46-11 (1972), as amended, and this Court is without jurisdiction over the state law claims referenced in this matter.

**V.**

The claims against Defendant City of Jackson are prohibited by prevailing Federal and state law and all other applicable defenses in that action as alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

**VI.**

Defendant City of Jackson has no custom, practice or policy that caused or contributed to the alleged deprivations, injuries and damages suffered by the Plaintiff.

**VII.**

Defendant City of Jackson is immune from suit as alleged in the Complaint pursuant to the Mississippi Tort Claims Act as codified in Mississippi Code Ann. § 11-46-

1, et seq. (Supp. 1998). Defendant City of Jackson hereby asserts the defenses of sovereign immunity, qualified immunity and any other immunity available under federal or state law.

### VIII.

At all times and as to all matters material to the Complaint, Defendant City of Jackson and its employees, agents, and other servants acted reasonably and in accordance with law and did not breach any duty owed to Plaintiffs.

### IX.

At all material times, herein, Defendant City of Jackson and its employees, agents, and servants, at all times relevant hereto, used the degree of care required of them under law and are not liable in damages to the Plaintiff.

### X.

The Plaintiffs had a duty to use reasonable care to mitigate damages, if any. Any damages that could have been mitigated through the use of reasonable care are not recoverable.

### XI.

Any injury, damage, or deprivation alleged or suffered by the Plaintiffs were the result of the Plaintiffs' failure to act reasonably to avoid or mitigate such injury, damage or deprivation.

### XII.

The actions or inactions on the part of the Plaintiffs were the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any. In the alternative, the actions or inactions on the part of the Plaintiffs amounted to an intervening cause and as such, constitute the sole, proximate cause and only cause of the incident complained of and the damages sustained by the Plaintiffs, if any.

## XIII.

If the actions or inactions on the part of the Plaintiffs were not the sole, proximate cause of the incident complained of and the alleged damages sustained by the Plaintiffs, if any, the actions or inactions on the part of the Plaintiffs caused and contributed to the incident complained of and the damages sustained by the Plaintiffs, if any, and any damages which the Plaintiffs would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiffs caused or contributed to the incident.

## XIV.

Defendant City of Jackson asserts any and all other defenses available to them under Miss Code Ann. § 85-5-7 and § 11-1-65.

## XV.

The Plaintiffs' damages, if any, were proximately caused and are a result of a superseding and/or intervening cause from which the Defendant City of Jackson cannot be held liable and for which recovery cannot be had against the Defendant City of Jackson.

## XVI.

Punitive damages are not applicable in this action and cannot be assessed against Defendant City of Jackson pursuant to Miss. Code Ann. pursuant to 11-46-15(2).

### XVII.

Attorney fees are not applicable in this action, pursuant to 11-46-15(2), and should not be assessed against Defendant City of Jackson.

### XVIII.

Defendant City of Jackson hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

### IX.

Plaintiff has failed to state a cause of action against Defendant City of Jackson, pursuant to Mississippi Code Ann. § 11-46-9.

### XX.

Defendant City of Jackson specifically denies any and all allegations of the Complaint that seek to impose liability on it.

### XXI.

Pursuant to F.R.C.P. 12(b)(7), 17 and 19, if the damages, or any part thereof, claimed by Plaintiffs in the Complaint have been paid or provided by any person, corporation or party, including insurer, workers' compensation carrier, employer or governmental entity, which holds any rights of subrogation, assignment, loan receipt or

lien holder interest therefore as a result of such payment(s), then under F.R.C.P. 12(b)(7), 17 and 19, any and all such persons, corporations or parties whatever are real parties in interest herein, including for such subrogation, assignment, lien or otherwise, and must be joined as a party needed for just adjudication herein.  If any such person, company or party exists, he or it should be joined by order of this court either as a Plaintiff or an involuntary Plaintiff.  Further, pursuant to F.R.C.P. 12(b)(7), 17 and 19, any such person, corporation or party whatsoever who has paid or provided all or any part of Plaintiff's claimed damages, and thereby holds subrogation rights, assignment rights, loan receipt, lien holder rights, or rights otherwise arising from the accident is a real party in interest pursuant to F.R.C.P. 17, and for such payment and interest, the damages claimed in this action to the extent of such rights must be brought in the name of the subrogee, assignee, loan receipt holder, lien holder or other party whatsoever holding such interest; and Plaintiff has no further interest or right of recovery thereto.

## XXII.

The accident/injury occurred solely as a proximate result of the negligence of the Plaintiffs, or proximate fault of others for whom Defendant City of Jackson is not and was not responsible.  With respect to each and every cause of action, the Plaintiffs are not entitled to recover because of the doctrines of contributory and/or comparative negligence and comparative fault.

## XXIII.

Furthermore, and in the alternative, Defendant City of Jackson specifically reserves and/or pleads any and all defenses and objections available to Defendants, affirmative or otherwise, including but not limited to, any and all matters constituting

and avoidance or affirmative matter set forth in Rule 8 and/or Rule 12 of the Mississippi Rules of Civil Procedure, statute of limitations, assumption of risk, comparative negligence, contributory negligence, laches, waiver and/or any and all statutory defenses and/or limitations including, but not limited to, the following:

Miss. Code Ann. §85-5-7, 2002 Laws 3rd Ex. Sess., ch. 2, §4 and ch. 4, §3;

Miss. Code Ann. §11-1-63, 2002 Laws 3rd Ex. Sess., ch. 4, §5;

Miss. Code Ann. §11-1-64, 2002 Laws 3rd Ex. Sess., ch. 4, §4;

Miss. Code Ann. §11-1-65, 2002 Laws 3rd Ex. Sess., ch. 4, §6;

Miss. Code Ann. §11-1-69, 2002 Laws 3rd Ex. Sess., ch. 4, §10;

Miss. Code Ann. §11-7-13, 2002 Laws 3rd Ex. Sess., ch. 4, §11;

Miss. Code Ann. §11-11-3, 2002 Laws 3rd Ex. Sess., ch. 2, §1 and ch. 4, §1;

Any statutory immunity, limitation and/or defense are also applicable hereto and, therefore, Defendant City of Jackson is due to be dismissed from this action.

## XXIV.

Defendant City of Jackson asserts all rights of credit, set off and/or contribution that it may have pursuant to the laws of the State of Mississippi.

## XXV.

The claims against Defendant City of Jackson are prohibited by statute because they are alleged to have arisen from judicial and administrative inaction of Defendant City of Jackson and its employees while acting within the scope of their employment.

## XXVI.

At all material times, herein, Defendant City of Jackson and its employees, agents, and servants, at all times relevant hereto, did not receive notice, neither actual nor constructive, of the claims alleged in the Complaint.

### XXVII.

The claims against Defendant City of Jackson are prohibited by statute because they are alleged to have arisen from alleged failures of Defendant City of Jackson and its employees to execute or perform a statute, ordinance, or regulation.

### XXVIII.

The claims against Defendant City of Jackson are prohibited because Defendant City of Jackson is immune from allegations based on its exercise or performance or the failure to exercise or perform a discretionary function or duty.

### XXIX.

The alleged acts or omission by Defendant City of Jackson, as set forth in the Amended Complaint against Defendant City of Jackson, do not rise to the level of a constitutional violation.

### XXX.

The alleged actions and conduct complained of do not violate any constitutional, federal or statutory right of which Defendant City of Jackson should reasonably have been aware.

Respectfully submitted this the 12th day of October, 2006.

                    DEFENDANT CITY OF JACKSON
                    SARAH O'REILLY-EVANS, CITY ATTORNEY

BY:   /s/Marvell Gordon
       PIETER TEEUWISSEN, MSB#8777
       SPECIAL ASSISTANT TO THE CITY ATTORNEY
       MARVELL GORDON, MSB#101206
       DEPUTY CITY ATTORNEY

**OF COUNSEL:**
**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi  39207-2779
601/960-1799 (office)
601/960-1756 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned does certify that he has this day filed the foregoing *Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint of Defendant City of Jackson, Mississippi And Officers Slade Moore, London Smith, Brad Davis And Lonnie Arinder in Their Official Capacities* using the ECF system, which transmitted a true and correct copy to the following:

   James Kopernak, Esq.
   511 East Pearl Street
   Jackson, Mississippi 39201
   jkopernak@bellsouth.net

   Robert B. McDuff, Esq.
   767 North Congress Street
   Jackson, Mississippi 39202
   Rbm767@aol.com

Respectfully submitted this the 12th of October, 2006.

                    /s/Marvell Gordon

MARVELL GORDON