IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIVIAN NICHOLS, PHYLISS NICHOLS,
CLEOTHA NICHOLS, PHYLISS NICHOLS
AS MOTHER AND NEXT FRIEND OF
ANTHONY LUCKETT, A MINOR, EARL
BROOKINGS AS FATHER AND NEXT FRIEND OF
ANTHONY DEWAYE DAVIS, A MINOR, AND
CASSANDRA ADAGBONYIN                                                      PLAINTIFFS

V.                                                           CIVIL ACTION NO.3:06cv364HTW-JCS

THE CITY OF JACKSON, MISSISSIPPI,
CITY OF JACKSON POLICE OFFICERS
SLADE MOORE, LONDON L. SMITH,
BRAD DAVIS AND LONNIE ARINDER                                             DEFENDANTS

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR IMMUNITY
OR IN THE ALTERNATIVE, SUMMARY JUDGMENT**

**COME NOW** the City of Jackson Defendants[1], by and through counsel and submit this Memorandum of Authorities in Support of their Motion to Dismiss for Immunity, or in the Alternative, Summary Judgment, and in support thereof would show unto this Court the following:

**FACTUAL BACKGROUND**

On June 8, 2004, Officers Slade Moore, London Smith, Lonnie Arinder and Brad Davis were patrolling the area near Rockdale and Lampton Avenue in Jackson, Mississippi, where three juvenile boys were obstructing traffic by playing football. See Motion Exhibit "B," pg. 77. Officers Moore, Davis, Arinder and Smith approached the boys and shined a light in the boys' direction. *Id.* at pgs. 86, 87. Anthony Davis yelled, "get that mother fucking light out of my face." *Id.* The three boys ran, whereupon the

---

[1] Defendants in this case are the City of Jackson, Mississippi, Officer Slade Moore, Officer London Smith, Officer Brad Davis and Officer Lonnie Arinder.

officers engaged in a foot chase. *Id.* at pgs. 77 – 91. Officer Brad Davis apprehended Anthony Davis, who resisted arrest by struggling, refusing to be handcuffed and assaulted Officer Davis by biting his left arm. *Id.* at pgs. 86, 87, 89, 90 and 91. Anthony Davis was placed under arrest for resisting arrest, abusive language and assault on a Police Officer. *Id.* at 85.

After Anthony Davis was placed under arrest, the officers returned to their patrol cars. Officer Slade Moore noticed that the traffic was being obstructed again and arrested a second juvenile, Anthony Luckett, who was reasonably believed to be one of the juveniles who were obstructing traffic previously. *Id.* at pgs. 78, 83. Anthony Luckett was arrested in the presence of his grandmother, Vivian Nichols and his mother, Phyllis Nichols. *Id.* at pgs. 78-80, 83-84. Phyllis and Vivian Nichols began questioning the officers and yelling at the officers as to why Luckett was being arrested. *Id.* This distracted Officer Moore from making the arrest, and he asked the ladies to step away. *Id.* After this, Cassandra Adagbonyin came out of her house and joined Vivian and Phyllis Nichols in harassing the officers the arrests of the two juveniles. *Id.* She was asked to back away, but failed to heed the officers' request. *Id.*

The three women continued to interfere with police business, and the hostility in the crowd began to escalate. *Id.* at pgs. 79, 84, 87, 88, 90, 91. Vivian Nichols, Phyllis Nichols and Cassandra Adagbonyin were then placed under arrest for disorderly conduct and interfering with a police officer and placed into the patrol car. *Id.* The officers left in a hurry to avoid any further escalation or exchange between the citizen and the police. *Id.* Upon leaving the area, the officers stopped at Trustmark Bank to complete the arrest reports and to place the adults in one car and the juveniles in

another. *Id.* at pgs. 79, 87, 90, 91. The three females and two juveniles were removed from the patrol cars to readjust the handcuffs to make them more comfortable. *Id.*

At this point, Cleotha Nichols, husband of Phyllis Nichols, drove up to the Trustmark parking lot and inquired, in a hostile manner, into the arrests of his wife, mother and son. *Id.* Officer Slade Moore told Mr. Nichols to get away from the area, or he will be charged with interfering with a police officer. *Id.* Mr. Nichols did not heed Officer Moore's command and was arrested. *Id.* The three females and one male were transported to the adult detention center and the two boys were transported to the juvenile detention center. *Id.*

After the arrests, none of the Plaintiffs were ever formally prosecuted and convicted of the crimes for which they were arrested. Instead, Plaintiffs brought filed lawsuit, contending that they are entitled to $250,000 plus punitive damages. See Motion Exhibit "A," last paragraph beginning with "Wherefore, premises considered." Interestingly, the only damages that Plaintiffs claim resulted from this incident were "emotional distress, humiliation, and pain and suffering." Id. at ¶¶ 32 – 34. The Plaintiffs also allege that they suffered personal injuries, but these injuries are not described in the Complaint.

## ARGUMENT

A Rule 12(b)(6) motion is a proper vehicle to test the legal sufficiency of the claims stated in the Complaint. Dismissal of a complaint via 12 (b)(6) is proper where there is the absence of sufficient facts alleged under a cognizable legal theory to allow recovery. **Graehling v. Village of Lombard, Ill.**, 58 F.3d 295, 297 (7th Cir. 1995). Failure to state a claim is a non-waivable defect and can be raised at any time. In the alternative, Rule 56(c) mandates the entry of summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden for proof at trial." **Celotex Corp. v. Catrett,** 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986).   It is proper to dismiss § 1983 claims against a City where plaintiff fails to allege the existence of any policy that resulted in the deprivation of plaintiffs' rights. **Torres v. County of Webb**, 150 Fed. Appx. 286 (5th Cir. 2005).  As discussed below, accepting Plaintiffs' pleaded allegations as true, Plaintiffs cannot prove any set of facts that would merit relief for their state law claims and federal § 1983 claims.

>    I.   **Plaintiffs' federal claims against the officers are barred by the doctrine of qualified immunity.**

The law is clear:  if the officers had probable cause to apprehend the Plaintiffs due to the fact that they reasonably suspected the two juveniles' involvement obstructing traffic and the four adults were interfering with police duties, then Plaintiffs have no claim under either § 1983 or under state law for false arrest/imprisonment, malicious prosecution or intentional infliction of emotional distress[2].  *See* **Haggerty v. Texas Southern Univ.**, 391 F.3d 653, 655 (5th Cir. 2004) ("To ultimately prevail on [a] section 1983 false arrest/false imprisonment claim, [the plaintiff] must show that [defendants] did not have probable cause to arrest him."); **Granger v. Slade**, 361 F.Supp.2d 588, 593 (S.D. Miss. 2005) (absence of probable cause is an essential element of causes of action for false arrest/imprisonment and malicious prosecution); **Croft v.**

---

[2] Plaintiffs' putative cause of action for negligent infliction of emotional distress, humiliation and pain and suffering, which presumably is based on their arrest and detention, fails to state a claim for relief under federal law. *See Grandstaff v. City of Borger, Tex.*, 767 F.2d 161 (5th Cir. 1985) ("[T]here is no constitutional right to be free from such distress and, thus, no liability for such distress under 42 U.S.C.A. § 1983."), and under state law, *see* Miss. Code Ann. § 11-46-7(1) (providing exemption from liability for law enforcement activities, unless "the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury"); *see also **Kelly v Grenada County***, 859 So.2d 1049 (Miss. Ct. App. 2003) (where governmental actor is a law enforcement officer, then in order "for liability to exist, there must be reckless and not merely negligent conduct").

4

***Grand Casino Tunica, Inc.***, 910 So.2d 66, 75-76 (Miss. Ct. App. 2005) ("If there is probable cause for the charges make, then the plaintiff's arrest is supported by probable cause, and a claim for false arrest must fail."); ***Croft***, 910 So.2d at 75 (where behavior which the plaintiff claimed caused an intentional infliction of emotional distress on him was the defendants' having him arrested, there was no "outrageous, extreme and utterly intolerable actions of the defendants' part in filing criminal charges" where defendants had probable cause to file charges).

> As noted by this Court in ***Granger,***
>
> Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."

***Id.*** (quoting ***Haggerty v. Texas Southern Univ.***, 391 F.3d 653, 655-56 (5th Cir. 2004)).

In determining whether the actions of the Plaintiffs of resisting arrest and interfering with police business created probable cause, the relevant inquiry is not whether the Plaintiffs were guilty of the crime for which they were apprehended, for there is no guarantee in the law that only the guilty will be arrested. *See* ***Baker v. McCollan,*** 443 U.S. 137, 145, 99 S. Ct. 2689, 2695 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – ***indeed for every suspect released.***" (emphasis added); *see also* ***Morris v. Dillard Department Stores, Inc.***, 277 F.3d 743, 754 (5th Cir. 2001) ("Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. The inquiry focuses on only what the officer could have reasonably believed at the time based on the relevant

5

law, as well as the facts supplied to him by the eyewitnesses."); **Keen v. Simpson County,** 904 So.2d 1157, 1161 (Miss. Ct. App. 2004) (so long as probable cause exists for an arrest, a suit for false arrest and malicious prosecution will not lie even when the defendant is subsequently tried and found "not guilty").

Thus, "in making a determination of probable cause, [the court] do[es] not require a police officer to be perfect, nor do[es] [it] want him always to err on the side of caution out of the fear of being sued." **Martin v. Thomas,** 973 F.2d 449, 453 (5th Cir. 1992). What is required is that the officers make a reasonable determination of whether probable cause exists. The question, then, is:

> whether, at the moment the arrest was made, the officers had probable cause to make it – whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.

**Martin**, 973 F.2d at 453.

In the case *sub judice*, the facts of this case clearly demonstrate that there was probable cause to arrest the Plaintiffs. In Plaintiffs' Complaint, it clearly states that the officers wished to speak to the boys who were in the street, and the boys ran. See Motion Exhibit "A," ¶¶ 2 – 3. The incident reports reflect that the boys were shouting profanities at the officers, fleeing the scene and disobeying the officers' commands to stop. See Motion Exhibit "B," pgs. 77, 83, 86, 87, 89 and 90. In fact, the Plaintiffs' Complaint states that the two juveniles, Anthony Davis and Anthony Luckett, were charged with abusive language, resisting arrest, disobeying a police officer and assault on a police officer. See Motion Exhibit "A," ¶¶6 and 19.

Further, Plaintiffs allege that Anthony Luckett was "standing on the side of the street near the house of his grandmother," which presumably goes to the argument that

he was not with the original three boys who fled from the police. *Id.* at ¶ 10. However, the police report reflects that Officer Moore reasonably believed that Luckett was one of the boys who fled the police; therefore, he placed him under arrest. See Motion Exhibit "B," pgs. 78, 83. Assuming *arguendo* that Luckett was not one the boys who fled from the police, probable cause still existed to arrest him. The Fifth Circuit has held that whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. *See* **Morris**, *supra.* However, the key in determining whether probable cause exists is at the moment the arrest was made, whether at ***that moment***, the facts and circumstances were sufficient to warrant a prudent man in believing that one committed the offense. *See* **Martin**, *supra* (emphasis added).

In the case at bar, there were a number of juveniles blocking the street and obstructing traffic, and three of the boys fled. At that moment, given all of the facts and circumstances, there was indeed probable cause to arrest Anthony Davis and there was reasonable suspicion that Luckett was one of the boys who fled from the police. Therefore, there was probable cause for both the arrests of Davis and Luckett.

Moving to the arrests of the four adults, Vivian Nichols, Phyllis Nichols, Cassandra Adagbonyin and Cleotha Nichols, it is clear that the officers had probable cause making their arrests. The Plaintiffs' Complaint states that they the three women were questioning the officers as to the arrests of the two boys, while the boys were being arrested. Additionally, the police and incident reports indicate that there were a number of people at the scene of the incident who were questioning the officers and interfering with police duties. See Motion Exhibit "B," pgs. 79, 84, 87, 90, 91. If one is interfering with police duties, especially when there is obviously confusion at the scene,

there is certainly probable cause to arrest the individual. Moreover, there was probable cause to arrest Cleotha Nichols, as he followed the police vehicles from the scene to Trustmark Bank, where the officers stopped to readjust the Plaintiffs. *Id.* at 79, 78, 84, 87, 88, 90, 91. Cleotha Nichols also began questioning the officers about the arrests, in a hostile and harassing demeanor, while the officers were trying to finalize the police reports. *Id.* This was yet another interference with police duties. In fact, Cleotha Nichols was also charged with disorderly conduct and interfering with a police officer. See Motion Exhibit "A," ¶ 21. Simply put, all of the adult Plaintiffs were interfering with the police officers while they were arresting the two juveniles who were obstructing traffic, disobeying the officers and resisting arrest. There existed probable cause for each and every arrest that was made on June 8, 2004. Taking Plaintiffs' entire alleged facts as true, Plaintiffs fail to allege any acts by the Jackson Police Officers, which would strip them of their qualified immunity.

## II. Plaintiffs' federal claims against the City of Jackson should be dismissed.

Plaintiffs' 42 U.S.C. § 1983 claim against the City of Jackson also warrants dismissal because Plaintiffs fail to allege a custom, policy or practice of the City of Jackson authorizing or condoning the wrongful arrest or "shakedowns" within the Jackson Police Department. Likewise, Plaintiffs have failed to allege any custom, policy or practice of the City of Jackson, which allegedly proximately caused a violation of the Plaintiffs' constitutional rights. The key to recovering against a governmental entity under 42 U.S.C. § 1983 is to demonstrate that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom. The United States Supreme Court has expressly held that local governmental entities may be sued directly under § 1983

where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by these officers." ***Monell v. Dept. of Social Services***, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). ***Monell*** further holds, however, that a municipality does not incur direct liability for officers under a theory of *respondent superior*. In the instant case, Plaintiffs have not pled sufficient facts to survive dismissal. Plaintiffs cannot cite any custom or policy, which would allow a fact finder to even consider a claim against the City of Jackson. Thus, dismissal at this stage of litigation is proper. ***Torres***, *supra*.

In Plaintiffs' Compliant, the only reference to a custom, police or practice is alleged against ***one*** of the Defendants, Slade Moore. Specifically, the Complaint states that the City of Jackson "knew or should have known that Defendant Slade Moore, as a matter of patter of practice, led a unit which initiated confrontations or 'shakedowns' of citizens." See Motion Exhibit "A," ¶ 28. There is absolutely no reference or set of facts in the Complaint that point to a custom, policy or practice that the Jackson Police Department condones "shakedowns" of citizens or any other practice that would be a violation of one's constitutional rights. The Complaint states that ***Defendant Slade Moore*** has a practice of this conduct, not the City of Jackson Police Department. Because the Plaintiffs have failed to set forth any set of facts that would lead a reasonable fact finder to find that and official policy maker for the City of Jackson has implemented a policy or custom that led to the alleged violation of the Plaintiffs' constitutional rights, the Plaintiffs §1983 claim must be dismissed.

### III.   State law claims against the officers should be dismissed.

Turning to Plaintiffs' state law claims, Plaintiffs have failed to specify whether it

is intended for the officers to be liable in their individual capacity.  Plaintiffs' Complaint specifically alleges that the officers were "engaged in the performance of their duties as police officers," which presents the presumption that they are being sued only in their official capacity.  However, for the sake of completeness, the City will address any possible state claims against the officers in their official and individual capacity.

The Mississippi Tort Claims Act provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. *See* Miss. Code Ann. § 11-46-7(a).  Under the act, employees may be sued only as an official representative of the political subdivision.  ***In re Foust***, 310 F.3d 849, 863 (5th Cir. 2002) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.")

Under Mississippi state law, an employee incurs individual liability only where the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal activity.  Miss. Code Ann. § 11-46-7(2).  *See* ***City of Jackson v. Powell***, 917 So.2d 59, 72 (Miss. 2005).  In the case at bar, the Plaintiffs do not allege any facts, which would allow a fact finder to determine that any individual defendant acted outside the course and scope of employment, thus giving rise to personal liability under state law.  To proceed against the named defendants under state law, Plaintiffs would have to allege (and prove) that the individual defendants acted with malice.  ***City of Jackson v. Powell***, *supra*.  From the face of Plaintiffs' Complaint, is beyond dispute that the individual officers were acting in the course and scope of employment. Therefore, Plaintiffs' state law claims against named defendant individually are due to be dismissed.  *See* ***Craddock v. Hicks***, 314 F.Supp.2d 648, 654 (N.D. Miss. 2003) (dismissing the plaintiff's individual claims against police defendants).

Furthermore, the individual officers cannot be held liable in their official capacity for Plaintiffs' state law claims, as they are entitled to qualified immunity for their actions. The Mississippi Court of Appeals has recently outlined two considerations in determining whether qualified immunity exists for an official's actions: (1) whether a plaintiff has suffered a violation of a constitutional right, and (2) whether the defendant acted in an objectively reasonable fashion. **Blake v. Wilson,** 2006-CA-00780-COA, ¶26 (April 17, 2007) (*citing* **Harris v. Miss. Valley State Univ.,** 873 So.2d 970, 979 (Miss. 2004)). The constitutional right violated must be clearly established, meaning, "the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (citing **Elkins v. McKenzie**, 856 So.2d 1065, 1077 (Miss. 2003). A defendant's actions are objectively reasonable "unless all reasonable officials in the defendant's circumstances would have known that their conduct violated the United States Constitution or [a] federal statute." *Id*. (citing **Elkins**, 856 So.2d at 1077).

Plaintiffs' claims cannot succeed under either prong of the above referenced test. The Plaintiffs' allegations stem from the incident where a group of juveniles were obstructing traffic and then fled from the officers once they were asked to move. Anthony Davis and Anthony Luckett were then apprehended because it was reasonably believed that they were the boys who fled from the police and who were shouting obscenities towards them. From the Plaintiffs' Complaint and the police reports, one can draw the conclusion that there were numerous people around the area. After the arrest of the boys, the three female Plaintiffs began questioning the officers about the arrests, which interfered with police duties. The females were subsequently arrested for disorderly conduct and interfering with police. After this incident, the police took the

11

Plaintiffs to a secure area (away from the crowd) to readjust the handcuffs and finish the police reports. At this point, Cleotha Nichols appeared and began harassing the officers. He then was placed under arrest for disorderly conduct and interfering with police Under these circumstances, where there were juveniles fleeing from police and numerous family members in the street questioning the police as to their intentions, it cannot be said that the officers violated any of the Plaintiffs' clearly established rights. In this situation, the fact that the Plaintiffs may have been wrongfully arrested (which the City disputes) was not so clear that a reasonable official would understand that what he is doing violates that right. ***Harris***, *supra.* The officers had reasonable belief that Anthony Davis and Anthony Luckett were the juveniles who fled from the police, and the officers had probable cause to arrest the adult Plaintiffs for interfering with police. Therefore, since Plaintiffs have been unable to meet the first prong of the test, the officers are entitled to qualified immunity. ***Id*** at ¶ 27 (citing ***Elkins*** 856 So.2d at 979).

Furthermore, even if Plaintiffs are able to successfully meet the first prong of the test, the officers acted in an objectively reasonable fashion in apprehending the Plaintiff. Based on the facts and circumstances surrounding the arrest, where there was a crowd of people exhibiting disorderly conduct and interfering with police duties, a fact finder could find that the officers acted in an objectively reasonable fashion.

## IV. State claims against the City of Jackson are proper for dismissal.

Having addressed whether any defendant officers are individually liable under state law, one must now determine whether the City of Jackson is liable under state

law[3]. Plaintiffs' generic claims against the City of Jackson itself are apparently rooted in their contention that the City of Jackson is liable under Mississippi law for a lack of probable cause to arrest the Plaintiffs. The Mississippi Tort Claims Act provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim...
>
> > (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well being of any person not engaged in criminal activity at the time of injury;
> >
> > (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

Miss. Code Ann. § 11-46-9 (1) (c) and (d).

The Tort Claims Act exempts a governmental entity and its employees from liability for law enforcement activities, unless "the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury." Miss. Code Ann. § 11-46-9.

Assuming the Plaintiffs were not engaged in criminal activity, then in order to recover, the Plaintiffs must show that the defendants acted in reckless disregard of their safety and well being. *See **Craddock***, 314 F.Supp.2d at 654. "[R]eckless disregard is a higher standard than gross negligence and 'embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'" ***Collins v. Tallahatchie County,*** 876 So.3d 284, 287 (Miss. 2004) (quoting ***Turner v. City of***

---

[3] If the named defendants are liable under state law for acts occurring *in the course and scope of employment*, this is the same as finding the City is liable.

13

*Ruleville*, 735 So.2d 226, 230 (Miss. 1999).

The Fifth Circuit, citing *Maye v. Pearl River County*, 587 So.2d 391, 392, 395 (Miss. 1999), found that "reckless disregard," within the meaning of the subsection of the Miss. Code Ann. § 11-46-9(1)(c), "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Brown v. City of McComb*, 84 Fed. Appx. 404, 407 (5th Cir. 2003). The reckless disregard standard is one higher than gross negligence, and embraces willful or wanton or intentional conduct, which requires knowingly and intentionally doing a thing or wrongful act. *Kelley v. Grenada County*, 859 So.2d 1049 (Miss. 2003). In fact, reckless disregard is a higher standard than gross negligence; it is one step below specific intent. *Turner v. City of Ruleville*, 735 So.2d at 230. Stated another way, the Court must determine the level of culpability of Officers Moore, Davis, Arinder and Smith.

The police are not the appropriate authority to determine the facts "beyond a reasonable doubt;" rather, such responsibility lies within the power of the judicial system. The police are required to investigate the charge asserted and determine if there is sufficient probable cause to make an arrest. In the *Haggerty* case, the Fifth Circuit determined that a municipal defendant is entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [they were] aware, there was a fair probability the plaintiff had committed or was committing an offense. The same test applies to Plaintiffs' state law claims.

As previously articulated, the Luckett and Davis were thought to be the juveniles who were obstructing traffic, fleeing from the police and shouting obscenities at the officers. Further, the four adult Plaintiffs in this matter were actually interfering with

14

police duties in questioning the officers while they were attempting to make arrests. There is no factual or legal basis for any reasonable person to conclude that the defendants acted without probable cause for the arrest of the Plaintiffs. Where probable cause exists, a state law claim will not survive. **Keen**, *supra.* Stated another way, Plaintiffs' Complaint fails to allege any facts, which would allow a reasonable fact finder to conclude the presence of reckless disregard, and thus, the state law claims against the City of Jackson and the individual defendants in their official capacity must fail as a matter of law.

## CONCLUSION

The Plaintiffs have categorically failed to state a claim upon which relief may be granted. Undersigned counsel, together with attorneys on record for the City of Jackson, is confused as to what legal theory Plaintiffs contend entitles them to relief under federal or state law. The facts of the case are understood; however, Plaintiffs' legal argument fails to yield relief. Plaintiffs allege a federal claim for a violation of § 1983. However, to recover under such theory, there must be some custom, policy or practice that proximately caused the alleged violation of Plaintiffs' constitutional rights. Plaintiffs have failed to allege a violation of such custom, policy or practice. Furthermore, in order for the City of Jackson to be liable for the state law claims, there must be a showing of reckless disregard. However, it is clear that the officers were acting in a reasonable manner and with probable cause in arresting the Plaintiffs. Therefore, relief cannot be granted because Plaintiffs have failed to set forth facts indicating that the named officers acted with reckless disregard.

For the aforementioned reasons, and with all due respect, Defendants respectfully request that this Court enter the order dismissing this action with prejudice

as to the individual officers and the City of Jackson with respect to all claims arising under wither state or federal law, or in the alternative, enter an order granting summary judgment in favor of the City of Jackson.

    Respectfully submitted, this the 15th day of August, 2007.

                      CITY OF JACKSON, MISSISSIPPI
                      Sarah O-Reilly Evans, City Attorney

                      By: /s/ Claire Barker_____
                      PIETER TEEUWISSEN, MSB# 8777
                      SPECIAL ASSISTANT TO THE CITY ATTORNEY
                      E. CLAIRE BARKER, MSB#101312
                      DEPUTY CITY ATTORNEY

**OF COUNSEL:**

**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi  39207-2779
601/960-1799 (office)
601/960-1756 (facsimile)

## CERTIFICATE OF SERVICE

I, Claire Barker, do hereby certify that I have this day served a true and correct copy of the above and foregoing ***Memorandum of Authorities in Support of Defendants' Motion to Dismiss for Immunity, or in the Alternative, Summary Judgment*** to the following:

James D. Kopernak
511 East Pearl Street
Jackson, Mississippi 39201
*Counsel for Plaintiffs*

Robert McDuff
767 North Congress Street
Jackson, Mississippi 39202
*Counsel for Plaintiffs*

Submitted this the 15th day of August 2007.

                                          /s/ Claire Barker
                                          E. CLAIRE BARKER, MSB#101312