IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIVIAN NICHOLS, PHYLISS NICHOLS,
CLEOTHA NICHOLS, PHYLISS NICHOLS
AS MOTHER AND NEXT FRIEND OF
ANTHONY LUCKETT, A MINOR, EARL
BROOKINGS AS FATHER AND NEXT FRIEND OF
ANTHONY DEWAYE DAVIS, A MINOR, AND
CASSANDRA ADAGBONYIN                                                                                 PLAINTIFFS

V.                                                           CIVIL ACTION NO.3:06cv364HTW-JCS

THE CITY OF JACKSON, MISSISSIPPI,
CITY OF JACKSON POLICE OFFICERS
SLADE MOORE, LONDON L. SMITH,
BRAD DAVIS AND LONNIE ARINDER                                                       DEFENDANTS

### DEFENDANT CITY OF JACKSON'S REBUTTAL IN SUPPORT OF MOTION TO DISMISS FOR IMMUNITY, OR THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

**COME NOW** the Defendants, The City of Jackson, Mississippi, Slade Moore, London L. Smith, Brad Davis and Police Officer Arinder, collectively Defendant City of Jackson, by and through counsel, and pursuant to the Federal Rules of Civil Procedure, files this, their Rebuttal in Support of Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and in support thereof would show unto the Court the following:

1.  In Plaintiffs' Response to Defendant's Motion to Dismiss or in the alternative, Motion for Summary Judgment, the Plaintiffs do not respond to the City's Motion to Dismiss, rather they rely on their argument set forth in their Response to the City's Motion for Leave to File Dispositive Motion. *See* Docket No. 37.

2. However, in both Responses, Plaintiffs fail to explain to the Court how they would be prejudiced if the Court heard the City's Motion to Dismiss. Instead, they rely, *ipse dixit*, on the assertion that since the motion deadlines have passed, then the City's Motion to Dismiss for Immunity, or in the alternative, Summary Judgment, must arbitrarily be denied.

3. Federal Rule of Civil Procedure 6(b) gives a district court broad discretion to expand filing deadlines. **Hetzel v. Bethlehem Steel Corp.,** 50 F.3d 360, 367 (5th Cir. 1995). Rule 6(b) gives discretion to a district court to allow such an enlargement at any time a motion is made after the expiration of a specified time period if the failure to act resulted from excusable neglect. Fed. R. Civ. P. 6(b). Further, Local Rule 16.2(I) states that a district judge may, in his or her discretion . . . conduct any or all pretrial conferences and may enter or **_modify a scheduling order_**. (Emphasis added). As such, it is wholly within the discretion of the trial judge to allow a party to file a motion outside the motion deadline.

4. In the case *sub judice*, the City has raised the important issue of whether or not the City and its officers are entitled to qualified immunity in this matter. Because this is a dispositive issue that would be better served with a determination in the pre-trial stage in this matter, rather than wasting the Court's time and taxpayers' funds determining this issue during trial, it would not be an abuse of the Court's discretion to hear the City's Motion and make a determination on the issue of immunity.

5. Furthermore, the Plaintiffs have not set forth any facts or circumstances that demonstrate that they would be unduly prejudiced if the Court ruled on this motion, because in all actuality, they would not be prejudiced. A ruling on this motion

will not interfere with the October 22, 2007 trial date set in this matter, it will only help to streamline the issues before the Court. As a result, the trial in this matter will not be clouded with unnecessary issues that could have been resolved in the pre-trial stages.

6. Finally, it is important to note that Plaintiffs have engaged in discovery well past the discovery deadline in this matter. For Plaintiffs to have the opportunity to partake in discovery past the deadline and now object to the City filing a motion after the deadline creates an unfortunate double standard.

7. This motion is not filed for delay, but only that justice may be done.

**WHEREFORE PREMISES CONSIDERED**, the City of Jackson Defendants pray this Court will hear the City's Motion to Dismiss for Immunity, or in the Alternative, for Summary Judgment and grant summary judgment in favor of the City. And the City of Jackson Defendants pray for such other and general relief as this Court deems appropriate.

Respectfully submitted this 7th day of September 2007.

    CITY OF JACKSON, MISSISSIPPI;
    SLADE MOORE, LONDON SMITH,
    BRAD SMITH AND LONNIE ARINDER

    SARAH O'REILLY-EVANS, CITY ATTORNEY

    By:/s/Claire Barker
        Pieter Teeuwissen, MSB #8777
        *Special Assistant to the City Attorney*
        Claire Barker, MSV # 101312
        *Deputy City Attorney*

**OF COUNSEL:**
Office of the City Attorney
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
(601) 960-1799/Telephone
601-960-1756/Facsimile

## CERTIFICATE OF SERVICE

The undersigned does certify that he has this date transmitted via electronic mail and/or mailed, via United States mail, a true and correct copy of the above and foregoing ***Rebuttal in Support of Motion to Dismiss for Immunity, or in the Alternative, for Summary Judgment*** to the following:

James D. Kopernak
968 Bellevue Place
Jackson, Mississippi 39202
*Counsel for Plaintiffs*

Robert McDuff
767 North Congress Street
Jackson, Mississippi 39202
*Counsel for Plaintiffs*

Respectfully submitted this the 7th day of September 2007.

/s/Claire Barker
CLAIRE BARKER